2024 IL App (2d) 240398-U
No. 2-24-0398
Order filed October 9, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 21-CF-968      21-CF-1003 |
| CHRISTOPHER J. MARKS, | ) ) ) | Honorable Mark R. Gerhardt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court did not err in denying the defendant's motion for pretrial release as the trial court did not have to find that the threat the defendant posed to others was a threat of physical violence.

¶ 2   The defendant, Christopher J. Marks, appeals from the trial court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (Act).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023)

(amending various provisions of P.A. 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2021, the defendant was charged in case no. 21-CF-968 with unlawful use of a weapon by a felon (720 ILCS 5/24-1.1 (West 2020)), possession of a variety of illegal drugs (see, *e.g.*, 720 ILCS 570/402(c) (West 2020)) and armed violence based on a combination of those charges (720 ILCS 5/33a-2(a) (West 2020)). In case no. 21-CF-1003, the defendant was charged with multiple counts of possession of child pornography (720 ILCS 5/11-20.1(A)(6) (West 2020)). Following the defendant's arrest, the trial court set bail, but the defendant was unable to pay it. He therefore remained in custody.

¶ 5    On May 31, 2024, the defendant filed a motion for pretrial release. He asserted that there were no allegations that he had ever engaged in criminal violence. He stated that he was seeking admission to a "halfway house" for drug and alcohol treatment but had yet to be approved for an open bed. Until a bed became ready, he could live with Carolyn Brown and their two children (ages 9 and 6) and Brown's children by a different father (ages 23 and 21). In response, the State petitioned to deny the defendant release, arguing that he posed a threat to the safety of persons or the community.

¶ 6    On June 7, 2024, the trial court conducted a hearing on the defendant's motion. The State proffered evidence that the police executed a search warrant on the defendant's residence pursuant to a narcotics investigation. The police discovered various quantities of illegal psychoactive drugs, a loaded .380 pistol on the nightstand in the defendant's bedroom, and hard drives and flash drives that had several images and videos constituting child pornography. The State argued that the defendant's selling of drugs and his possession of a gun and child pornography demonstrated that

he was a danger to the community. The State further argued that there was no way to mitigate this threat because the defendant had committed the charged crimes in his own home, and if he were released, he would return home and live with his minor children.

¶ 7        In response, defense counsel argued that there was no history of violence in the defendant's background, and consequently he did not pose a real and present threat to anyone's safety. Defense counsel also noted that other adults would be living at the defendant's proposed residence, which would mitigate any possible concern with children. Defense counsel asserted that it would be appropriate to release the defendant with conditions of having no access to the internet, drug testing, and having his home subject to at-will searches by the probation department.

¶ 8        At the close of the hearing, the trial court denied the defendant's motion for pretrial release. The trial court explained that danger was "inherent in the essence of the charges" against the defendant. The trial court noted that the defendant had been charged with "the exploitation of minors, which endangers their wellbeing based on the participation in those types of alleged activities." The trial court found that because the alleged crimes were committed in the defendant's home, there were no conditions of pretrial release that could prevent him from committing them a second time.

¶ 9        Following the denial of his motion for relief, the defendant filed a timely notice of appeal.

¶ 10                                II. ANALYSIS

¶ 11        In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq*. Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 12 Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 13 We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the trial court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 14 The defendant does not challenge on appeal the trial court's finding that the State met its burden on the first proposition—whether the proof was evident, or the presumption was great, that he committed a detainable offense. The defendant does argue that the State failed to meet its burden on the second proposition, contending that the State failed to show that he posed a real and present threat to the safety of any person or persons or the community. Specifically, he argues that

under the statute, the reference to "threat" means "threat from physical harm." Because there was no evidence that he ever used any physical violence, he insists that the trial court should not have ordered that he be detained before trial.

¶ 15    In *People v. Johnson*, 2023 IL App (5th) 230714, ¶ 21, the Appellate Court, Fifth District considered and rejected this identical argument. There, the reviewing court stated:

"Reading into the statute the requirement that the State prove that the defendant will commit a violent offense would impose a material change in the plain language of the Code. While the defendant claims that the statutory factors under section 110-6.1(g) show 'unvarying focus on the defendant's unlawful violent acts to another person's body without their consent,' the plain language of the statute contradicts this assertion. Section 110-6.1(g) of the Code includes factors three through eight, which fail to make any reference to violence. 725 ILCS 5/110-6.1(g)(3)-(8) (West 2022). Additionally, while the first factor references violence, it begins with the catchall phrase '[t]he nature and circumstances of any offense charged.' *Id.* § 110-6.1(g)(1). We reject the defendant's invitation to read into the Code that 'a real and present threat to the safety of any *** persons or the community' must be limited to the threat of the defendant committing violent criminal acts. *Id.* § 110-6.1(g). The intent of the legislature is clear from the plain language of the statute—that the circuit court may deny a defendant pretrial release only if the defendant's pretrial release poses a real and present threat to the safety of any person, persons, or the community. *Id.* § 110-6.1(a)(1). If the legislature intended that pretrial release be denied only where the defendant poses a real and present threat of committing 'violent criminal acts,' the legislature could have added that language as easily as the defendant. Absent such language, and considering the Act as a whole, we are not persuaded by the defendant's

proposed construction." *Johnson*, 2023 IL App (5th) 230714, ¶ 21.

¶ 16    We believe the Appellate Court's rationale in *Johnson* is sound, and we decline the defendant's invitation to depart from it.

¶ 17    Here, the record reveals that at the time of his arrest, the defendant was a convicted felon and not allowed to possess a gun.  This demonstrates his dangerousness.  See *People v. Lee*, 2024 IL App (1st) 232137, ¶ 27 (noting "the inherent dangerousness of firearms, particularly when they are in the possession of those who have been prohibited from possessing them"); see also *People v. Hongo*, 2024 IL (1st) 232482, ¶ 36 (the defendant's possession of a weapon while prohibited from doing so "suggests that continued detention is necessary to avoid the safety risk posed by the defendant").  The record therefore supports the trial court's dangerousness finding in case no. 21-CF-968 due the defendant's illegal possession of a gun.  As the trial court's dangerousness finding in case no. 21-CF-968 was not against the manifest weight of the evidence, we need not consider whether the trial court's finding in case no. 21-CF-1003 that the defendant was dangerous due to his possession of child pornography was erroneous.

¶ 18    As to the third proposition the State had to prove—that no conditions could mitigate the real and present threat to the safety of any person—the defendant's only argument is that he was not a threat to anyone.  As we have already rejected this argument, there is no basis to disturb the trial court's ruling on this point either.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 21    Affirmed.